FILED
MARIE HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

JUN 0 1 2021

BY _____
             DEPUTY

## IN THE DISTRICT COURT OF CANADIAN COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| BAD DAY TOWING & RECOVERY COMPANY, a domestic for profit corporation, <br><br> and <br><br> LANE'S TOWING SERVICES LLC, a domestic limited liability company <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF YUKON, a political subdivision of the State of Oklahoma <br><br> Defendant. | Case No. CJ 2021-250 <br><br><br> PAUL HESSE |

### PETITION

Plaintiffs Bad Day Towing & Recovery Company ("Bad Day") and Lane's Towing Services LLC ("Lane's Towing") (collectively "Plaintiffs"), for their causes of action against Defendant, the City of Yukon ("Defendant"), state and allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Bad Day is a domestic for profit corporation with its principal place of business in Oklahoma County, State of Oklahoma.

2.  Lane's Towing is a domestic limited liability company with its principal place of business in Oklahoma County, State of Oklahoma.

3.  The City of Yukon is a political subdivision of the State of Oklahoma with its situs in Canadian County, State of Oklahoma.

4.  The Court has jurisdiction over the Parties and venue is proper in Canadian County, State of Oklahoma.



RECEIVED

JUN 1 1 2021

CITY OF YUKON
OFFICE OF THE CITY CLERK

## FACTS

5. The City of Yukon is governed by the Charter of the City of Yukon ("Charter"), exercising power granted by the Constitution and laws of the State of Oklahoma.

6. Bad Day and Lane's Towing operate wrecker services and are licensed by the Oklahoma Department of Public Safety.

7. Bad Day and Lane's Towing have a property interested in being listed on the Official Wrecker Rotation logs maintained by the City of Yukon.

8. On or about February 22, 2021, Bad Day was placed on the City of Yukon's Official Wrecker Rotation Log by Chief of Police John Corn.

9. On or about February 22, 2021, Lane's Towing was placed on the City of Yukon's Official Wrecker Rotation Log by Chief of Police John Corn.

10. From February 22, 2021 to present, Bad Day and Lane's Towing were regularly used by the City of Yukon to provide towing/wrecker services pursuant to the wrecker rotation log.

11. Neither the City of Yukon nor Chief of Police John Corn have ever expressed any concerns about the services provided by Bad Day and Lane's Towing.

12. On or about April 6, 2021, the City of Yukon passed Ordinance No. 1421 and removed Bad Day and Lane's Towing from the City of Yukon's wrecker rotation log.

13. Ordinance No. 1421 is in direct conflict with 47 O.S. § 952.

14. Upon information and belief, Ordinance No. 1421 was not published within ten (10) days after its passage as required by the Charter.

15. Bad Day and Lane's Towing were removed from the City of Yukon's Official Rotation Log by the City of Yukon without due process.

16. As a result of the City of Yukon's actions, Plaintiffs have suffered lost profits and will continue losing profits until and at such time as they are returned to the City of Yukon's Official Wrecker Rotation Log.

17. The City of Yukon's actions were arbitrary, capricious, and in reckless disregard of the rights of Plaintiffs; therefore, Plaintiffs are entitled to exemplary damages in an amount to be set by the Court.

18. The City of Yukon new it was violating Plaintiff's property rights, due process rights, and in violation of law when it removed Plaintiffs from the Official Rotation Wrecker Log.

## COUNT I—LACK OF DUE PROCESS

19. Plaintiffs hereby adopt and re-allege each and every allegation set forth in Paragraphs 1 – 18 above.

20. Plaintiffs have a clearly established property interest in being listed on the City of Yukon's Official Wrecker Rotation Log.

21. Plaintiffs were removed from the City of Yukon's Official Wrecker Rotation Log without due process.

22. The violation of Plaintiffs' rights were the direct result of the City of Yukon's adoption of Ordinance No. 1421.

## COUNT II—CITY OF YUKON'S ADOPTION OF ORDINANCE NO. 1421 VIOLATES PLAINTIFFS' CONSTIUTIONAL RIGHTS

23. Plaintiffs hereby adopt and re-allege each and every allegation set forth in Paragraphs 1 – 22 above.

24. Defendants have a constitutional right to be on the City of Yukon's Official Wrecker Rotation Log.

25. The City of Yukon's adoption of Ordnance No. 1421 establishes a policy and/or custom which violates Plaintiffs' constitutional right.

26. The City of Yukon's adoption of Ordinance No. 1421 is a direct cause of Plaintiffs' injuries.

## COUNT III—DECLARATORY RELIEF

27. Plaintiffs hereby adopt and re-allege each and every allegation set forth in Paragraphs 1 – 26 above.

28. Plaintiffs have a constitutionally protected property right to be on the City of Yukon's Official Rotation Wrecker Log, and a direct, immediate and substantial interest to this matter giving rise to standing.

29. An actual controversy exists between Plaintiffs and the City of Yukon because the parties disagree as to the legality and/or validity of the passage of Ordinance No. 1421.

30. Ordinance No. 1421 is unconstitutional because it deprives Plaintiffs of their constitutionally protected property right to be included on the City of Yukon's Official Wrecker Rotation Log.

31. Plaintiffs are informed and believe they are entitled to an order declaring the Ordinance unconstitutional on its face.

32. Ordinance No. 1421 contradicts 47 O.S. § 952 which requires that in "cities of less than fifty thousand (50,000) population, **all** such **licensed wrecker or towing services located near** or in **the city limits of such cities shall be considered as being equal distance and shall be called on an equal basis as nearly as possible**" by requiring all wrecker or towing services on the City of Yukon's Official Wrecker Rotation Log be located within the city limits of the City of Yukon.

33. Ordinance No. 1421 is preempted by 47 O.S. § 952.

34. Ordinance No. 1421 cannot be used to retroactively remove Plaintiffs from the City of Yukon's Official Wrecker Rotation Log.

35. The City of Yukon failed to publish Ordinance No. 1421 within ten (10) days of its passage; therefore, the same is illegal, invalid and unenforceable because of the City of Yukon's failure to publish as required by its Charter.

36. Plaintiffs request further judicial declaration that the City of Yukon acted in direct contradiction of its Charter, the laws of the State of Oklahoma, the Constitution of the State of Oklahoma, and the Constitution of the United States of America in its passage of Ordinance No. 1421; therefore, the same is illegal, invalid and unenforceable.

## COUNT IV-INJUNCTIVE RELIEF

37. Plaintiffs hereby adopt and re-allege each and every allegation set forth in Paragraphs 1 – 36 above.

38. the City of Yukon acted in direct contradiction of its Charter, the laws of the State of Oklahoma, the Constitution of the State of Oklahoma, and the Constitution of the United States of America in its passage of Ordinance No. 1421.

39. If an injunction is not issued Plaintiffs do not otherwise have an adequate remedy at law.

40. If the City of Yukon is not restrained by an injunction, Plaintiffs will suffer irreparable hard, including but not limited to being permanently removed from the City of Yukon's Official Wrecker Rotation Log, prohibiting it from conducting its business competitively in the City of Yukon.

41.   The City of Yukon will not suffer any harm if an injunction issued requiring the City of Yukon to keep Plaintiffs on its Official Wrecker Rotation Log during the pendency of this lawsuit.

42.   The City of Yukon should be restrained from removing Plaintiffs from its Official Wrecker Rotation Log or take any further action regarding the Official Wrecker Rotation Log, until the legality and/or validity of Ordinance No. 1421 as to Plaintiffs is determined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Bad Day Towing Company and Lane's Towing Services, LLC ray this Honorable Court enter judgment in their favor and further as follows:

A.   Declare Ordinance No. 1421 unconstitutional on its face;

B.   Declare Ordinance No. 1421 unconstitutional as it applies to Plaintiffs;

C.   Declare Ordinance No. 1421 as inapplicable to Plaintiffs;

D.   Declare Ordinance No. 1421 as illegal, invalid and unenforceable for failure to publish as required by the Charter;

E.   Enjoin the City of Yukon from removing Plaintiffs from its Official Wrecker Rotation Log until the legality and/or validity of Ordinance No. 1421 as to Plaintiffs is determined by this Court;

F.   Grant actual, incidental. And consequential damages against the City of Yukon;

G.   Grant punitive damages against the City of Yukon;

H.   Grant Plaintiffs their costs in this action, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

I.   Grant to the Plaintiffs any such other relief as this Court deems just and equitable.

Respectfully submitted,

*[signature: Benjamin R. Grubb]*

Ryan L. Dean, OBA #21152
Benjamin R. Grubb, OBA #31569
DEWITT, PARUOLO & MEEK, PLLC
P.O. Box 138800
Oklahoma City, OK 73113
Telephone: (405) 705-3600
Facsimile: (405) 705-2573
rdean@46legal.com
bgrubb@46legal.com

JURY TRIAL DEMANDED

ATTORNEY LIEN CLAIMED

***ATTORNEYS FOR PLAINTIFFS***